UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

DAVID COLBY HAYDEN,                                  No. 07-11339

                                   Debtor(s).
_____/

DAVID COLBY HAYDEN,

                                 Plaintiff(s),

                     v.                                   A.P. No. 09-1053

UNITED STATES OF AMERICA, et al.,

                                 Defendant(s).
_____/

Memorandum on Motion to Amend Answer and Motion for Summary Judgment
_____

     Chapter 7 debtor and plaintiff David Hayden owes federal income taxes of about $7 million for the year 2000. These taxes are clearly nondischargeable because, when he filed his bankruptcy petition in 2007, less than three years had elapsed since the return for that year was deemed due. The return would have been due more than three years before except that Hayden had instituted an action in tax court contesting the taxes. Pursuant to a hanging paragraph added in 2005 at the end of § 507(a)(8)(G) of the Bankruptcy Code, the running of the three-year period is suspended during the

1

time the matter is pending in tax court, plus 90 days.

Unfortunately, the government admitted in its original answer that the return was due more than three years before the filing. Whether this was because its counsel did not know about the 2005 change in the law, did not realize there had been proceedings in tax court, or merely made an error in calculation, is not explained. The government's position in this five-year-old case has been, up until late last year, only that the taxes were nondischargeable because of a fraudulent return or willful evasion.[1]

While the court always wants to decide cases on their merits, this is a rare case where doing so without compensating Hayden is not just. If the court were to simply grant the motion to amend the answer and then grant summary judgment, Hayden will have paid for at least four years of litigation for nothing due to the government's failure to recognize a dispositive fact in its own records. A court may prescribe as a condition for granting a motion to amend a pleading reasonable compensation for expenses occasioned by the moving party's failure to file adequate pleadings in the first instance. *General Signal Corp. v. MCI,* 66 F.3d 1500, 1514 (9th Cir. 1995); *Firchau v. Diamond National Corp.,* 345 F.2d 269, 275 (9th Cir. 1965).

For the foregoing reasons, the court will grant the government's motion to amend its answer and grant its summary judgment motion provided that it first pays Hayden's reasonable litigation costs, including attorneys' fees, from the date the government filed its answer to the date it filed its motion for summary judgment. If the government declines to pay such compensation, its motion to amend its answer and its motion for summary judgment will be denied and the case will proceed to trial on § 523(a)(1)(C) only.

Counsel for the government shall submit appropriate forms of order after the government has made its election and, if it has elected to pay the compensation, the amount has been established by

---

[1] Pursuant to § 523(a)(1) of the Bankruptcy Code, a tax debt is nondischargeable if entitled to priority under § 507(a)(8) or the tax return was fraudulent. The government has spent most of the last five years arguing the latter, when it had an easy case under the former it did not recognize.

agreement of the parties or order of the court and has been paid.

Dated: February 10, 2014

Alan Jaroslovsky
Chief Bankruptcy Judge